UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Derek George, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br><br><br>  -v.-<br><br><br><br>I.C. System, Inc. and John Does 1-25<br><br>          Defendant(s). | Civil Action No: _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Derek George (hereinafter, "Plaintiff"), a Ohio resident, brings this Class Action Complaint by and through his attorneys, Zukowsky Law LLC against Defendant I.C. System, Inc. (hereinafter "Defendant ICS"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.   Congress enacted the Fair Debt Collection Practices Act (hereinafter "the FDCPA" or "The Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time,

Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws ·were inadequate. *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.  The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) as Defendant's primary place of business is located in this district.

5.      Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

6.      Plaintiff brings this class action on behalf of a class of Ohio consumers under§ 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

7.      Plaintiff is seeking damages and declaratory relief.

## PARTIES

8.      Plaintiff is a resident of the State of Ohio, County of Allen, residing at 7060 Piquad Road, Lima OH 45807.

9.      Defendant ICS is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served process upon its registered agent, CT Corporation System, 4400 Easton Common Way, Suite 125, Columbus, OH 43219.

10.     Upon information and belief, Defendant ICS is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

11.     John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

12.     Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

13.     The Class consists of:

a.  all individuals with addresses in the State of Ohio;

b.  to whom Defendant ICS sent a collection letter attempting to collect a consumer debt;

c.  that stated that the debt would be reported to the credit bureaus in the creditor's name;

d.  which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14.     The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15.     Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16.     There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692g.

17.     The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

      a.   **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **<u>Common Questions Predominate:</u>** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. § 1692e, 1692g.

c. **<u>Typicality:</u>** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d. **<u>Adequacy:</u>** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to May 16, 2020, an obligation was allegedly incurred to creditor American Electric Power.

23.     The American Electric Power obligation arose out of transactions incurred primarily for personal, family or household purposes.

24.     The alleged American Electric Power obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25.     American Electric Power is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26.     Defendant ICS contracted with American Electric Power to collect the alleged debt.

### *Violation – May 16, 2020 Collection Letter*

27.     On or about May 16 2020, Defendant ICS sent the Plaintiff an initial collection letter (the "Letter") regarding the alleged debt owed. See a true and correct copy of the Letter attached at Exhibit A.

28.     The letter states:

"American Electric Power has provided the attached information, verifying your responsibility for payment of the debt referenced in the Account Summary. If you still question that obligation, contact our office, otherwise your remittance of $540.10 is required. American Electric Power is both the original and current creditor to whom this debt is owed.

We forward information about the debts we handle to the national credit reporting agencies in your creditor's name. Your dispute regarding the claimed amount will also be reported. You have the right to inspect your credit rating in accordance with federal law."

29.    The letter states that the account information is scheduled to be reported in "your creditor's name," which according to the Letter is American Electric Power.

30.    However, upon information and belief, Defendant ICS reports the debt in their own name to the national credit reporting agencies. Therefore, the letter is deceptive by stating that the account will be reported in the name of the original creditor.

31.    In the alternative, if both Defendant ICS and the original creditor are both reporting to the national reporting agencies, it would constitute deceptive double-reporting.

32.    It is deceptive for two companies will report to the credit reporting agencies on the same debt.

33.    In addition, the letter contains a "G-Notice" stating the requirements for a dispute under 1692g.

34.    Yet, the letter states earlier "If you still question that obligation, contact our office."

35.    This statement is confusing and misleading because the G-Notice stated in the letter specifically delineates procedures for the validation of the debt with deadlines and writing requirements and Defendant's statement implies that the procedures of the "G-Notice" are being superseded in that Plaintiff merely needs to "contact" the office if he questions the obligation.

36.    It is misleading and deceptive to imply that a consumer's validation rights under 1692g are superseded.

37.    As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

38.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

39.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

40.    Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

41.    Defendant violated § 1692e:

   a.  As the Letter it is open to more than one reasonable interpretation, at least one of which is inaccurate.

   b.  By making a false and misleading representation in violation of §1692e(10).

42.    By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e et seq. of the FDCPA, and Plaintiff is entitled to an award of actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692g *et seq.*

43.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

44.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

45.     Pursuant to 15 USC §1692g, a debt collector:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4. A statement that the consumer notifies the debt collector in writing within thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

46.     The Defendant violated 15 U.S.C. §1692g, by using language implying that the G-Notice requirements no longer apply.

47.     By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

48.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Derek George, individually and on behalf of all others similarly situated, demands judgment from Defendant ICS as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Amichai Zukowsky, Esq. as Class Counsel;

2.     Awarding Plaintiff and the Class statutory damages;

3.     Awarding Plaintiff and the Class actual damages;

4.     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  August 27, 2020                           Respectfully Submitted,

By:/s/ Amichai Zukowsky
Amichai E. Zukowsky
*Attorney for Plaintiff*
Amichai E. Zukowsky, Esq.
Zukowsky Law, LLC
23811 Chagrin Blvd, Suite 160
Beachwood, OH 44122
Phone: 216.800.5529
Email: ami@zukowskylaw.com